UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEVEN HAWTHORNE,** | Civil Action No. 08-5962 (GEB) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| **SOMERSET COUNTY, et al.,** | |
| Defendants. | |

This matter having been opened upon Defendants Somerset County, et al.'s ("Defendants") letter application, which is attached to this Report & Recommendation, to dismiss with prejudice Plaintiff Steven Hawthorne's ("Plaintiff") Complaint and all claims asserted therein; and the Court noting that on May 11, 2009 [Docket Entry No. 10], the Court received a change of address from Plaintiff which stated that his new address for the next 90-180 days would be: Steven Hawthorne, Logan Hall, 20 Toler Place, Newark, NJ 07714 ("Plaintiff's last known address"); and the Court noting that this change was not immediately reflected in the docket sheet; and the Court noting that until this change was reflected on the docket, mail which was sent to Plaintiff's previous address was returned as refused [Docket Entry Nos. 20 and 22]; and the Court noting that after the docket was corrected on December 7, 2009 [Docket Entry No. 21] with Plaintiff's last known address, the Court has since received two notices that the mail sent there is undeliverable to Plaintiff [Docket Entry Nos. 23 and 24]; and the Court having contacted the Administrator of Plaintiff's last known address who confirmed that Plaintiff has not resided at Logan hall since October 22, 2009; and Plaintiff having failed to notified the Court of his current whereabouts; and Defendants having sent a letter and deposition notice on

December 16th, 2009 to Plaintiff at his last known address advising that Plaintiff's deposition was scheduled for January 5, 2010 and also informing Plaintiff that his answers to multiple interrogatory demands were still pending; and Plaintiff having failed to respond to Defendants letter and attend his deposition on January 5th, 2010; and Plaintiff having failed to otherwise participate in discovery; and the Court finding that Plaintiff's failure to update the Civil Docket in this matter with his current contact information has made it impossible for this litigation to continue at this time; and the Court further finding that Plaintiff's failure in this regard also establishes Plaintiff's failure to adequately prosecute this matter which he initiated against Defendant, and warrants dismissal of the instant case without prejudice pursuant to FED.R.CIV.P. 41(b); and the Court having considered this matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

IT IS on this 8th day of January, 2010,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to FED.R.CIV.P. 41(b).

      s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**